UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-40 (TNM) |
| | : | |
| DAVID LEE JUDD, | : | |
| Defendant. | : | |

**UNITED STATES' SURREPLY TO DEFENDANT'S MOTION TO COMPEL
DISCOVERY IN SUPPORT OF HIS CLAIM OF SELECTIVE PROSECUTION**

The United States of America respectfully submits this surreply to respond to the Defendant's new arguments in his reply (ECF No. 157) and dispute certain misstatements. Notwithstanding the Defendant's efforts, his motion for selective-prosecution discovery lacks merit and should be denied.

I. **Judd's Belated Comparison to a New Group of D.C. Superior Court Cases Is Procedurally Improper and Flawed.**

In support of his selective-prosecution allegation, Judd's reply proffers an entirely new set of cases stemming from criminal activity in Washington D.C. during Summer 2020 protests.[1] This Court should reject Judd's new comparator group as arriving too late. "Reply briefs *reply* to

---

[1] Judd initially cited one D.C. Superior Court case, *United States v. Alana Rogers*, 2020 CF3 006970. As already addressed, the quantum of evidence there was much lower. Unlike Judd's conduct, which was captured on multiple videos, the evidence in *Rogers* turned on a brief observation by one witness in the middle of a hectic encounter. While Judd agrees that federal charges were not appropriate in *Rogers*, he attempts to show selective prosecution by the government's purported failure to initially classify the defendant's firework as a dangerous weapon. However, as clearly stated on the complaint in *Rogers*, the defendant was charged with an Assault on a Police Officer While Armed *with a Dangerous Weapon*. Similarly, in his reply, Judd alleges the government's failure to charge the defendant facing a felony civil disorder charge in *United States v. Fox*, 3:20-cr-501 (D. Or.), with an enhancement for using a dangerous weapon. However, there is no dangerous-weapon enhancement in that code provision, foreclosing Judd's proffered inference of disparate treatment.

arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *MBI Grp., Inc. v. Credit Foncier Du Cameroun*, 616 F.3d 568, 575 (D.C. Cir. 2010) (brackets and citation omitted).

In any event, Judd's new comparator group fails to support an inference of selective prosecution. The cited cases involve civil-disorder offenses and assaults committed in Summer 2020 in proximity to various Washington D.C. protest activities. Judd's criminal conduct on January 6, 2021, differed in kind and in degree. Judd and other defendants spent hours trying to force their way into the U.S. Capitol Building, knowing that elected representatives had convened inside and were attempting to certify the Presidential Election. That conduct—which directly targeted the personnel and gears of the legislative branch and posed "a grave danger to our democracy," *United States v. Munchel*, 991 F.3d 1273, 1284 (D.C. Cir. 2021)—reflects a "distinguishable legitimate prosecutorial factor[] that might justify making different prosecutorial decisions" in Judd's case. *Branch Ministries v. Rossotti*, 211 F.3d 137, 145 (D.C. Cir. 2000) (citation omitted). As a consequence, this group of D.C. cases—like the Portland citations that Judd previously assembled—is not similarly situated for purposes of the selective-prosecution inquiry.[2]

---

[2] Even were one to ignore the *sui generis* and grave nature of the crimes committed on January 6, Judd still fails to demonstrate that members of the D.C. cases he cited are similar in nature to his. Judd provides generalized descriptions of the D.C. cases he cites, such as "participants charged with assaulting a police officer during the DC protests." ECF 157 at 10. Based solely on that generalized description and without any evidence that felony charges (federal or otherwise) were even potentially applicable to those cases, Judd asks the court to assume that the number of misdemeanor charges is nonetheless evidence of disparate treatment. However, even in just reviewing at random one of the cases in the chart of arrest data cited by Judd, it is clear that such an assumption is not warranted. *See, e.g.*, *United States v. Siera Clark*, 2020 CMD 008459 (D.C. Superior Court filed Nov. 2, 2020) (affidavit in support of arrest describes defendant throwing eggs at officers and building). Judd cannot claim that evidence of a defendant being charged with a misdemeanor is itself evidence of disparate treatment even where no felony charges were ever applicable.

Judd's new comparator group also suffers a second flaw: it is a cherry-picked sample of prosecutions from Summer 2020 and omits examples where federal charges were both applicable and pursued by the government. For instance, in *United States v. Jerritt Pace*, No. 20-cr-104-RC, (D.D.C. filed July 7, 2020), the government obtained a felony conviction where the defendant assembled, ignited, and threw a Molotov cocktail at the sidewalk in front of a police station – an event captured on video filmed by the defendant. *See* Government's Sentencing Memorandum, Dkt. at 45. Although "no one was hurt in the process and little damage was done," the government nonetheless brought felony charges and ultimately reached a disposition to a felony. *Id.* Given that Judd's conduct here exceeds *Pace*, the government has similarly sought felony charges against him.[3]

II.     **Judd's New Authorities Fall Short.**

Judd's reply cites three new decisions to advance his request for selective-prosecution discovery. None supports his case.

In *United States v. Tuitt,* 68 F. Supp. 2d 4 (D. Mass. 1999), the magistrate judge granted discovery based on defense submissions that the government had prosecuted only persons of color, and no white individuals, for crack-cocaine offenses in a particular federal court division. *Id*. at 7-9. *Tuitt* reveals the shortcomings in Judd's presentation here. The defense there identified one comparator group (individuals who commit drug offenses) and identified different charging outcomes based on race. This case presents two disparate groups: individuals who committed civil-disorder offenses and assaults in Oregon and D.C., and individuals who engaged in such

---

[3] This is one example of federal felony charges for crimes adjacent to the Summer 2020 protests. *See, e.g.*, *United States v. Josue Rodas*, 20-CR-148 (D.D.C. filed Aug. 4, 2020) (Dkt. 91) (defendant broke bank window and then rummaged through interior); *United States v. Kenneth Deberry,* 20-CR-260 (D.D.C. filed Nov. 24, 2020) (Dkt. 29) (defendant captured on video punching a Million MAGA March attendee from whom a firearm was recovered upon his arrest.).

crimes on January 6 as part of a targeted effort to overrun the U.S. Capitol Building and disrupt Congress's certification of the Presidential Election. Moreover, unlike *Tuitt*, the record here contains no evidence (other than defense conjecture) that Judd's political beliefs differed from the defendants in the cited D.C. and Oregon cases. Judd cannot accordingly sustain an inference of disparate treatment, much less one based on an improper factor.

*United States v. Wen Ho Lee,* 99-cr-01417 (D.N.M. filed Dec. 10, 1999), is even further afield. The district court in *Lee* directed the government to submit specific documents for *in camera* review as the court evaluated the defendant's request for selective-prosecution discovery. But the court's order (Dkt. 154) expressly declined to grant discovery at that juncture and the court assured the government that the defense would not receive access to the *in camera* submissions. A review of the docket in *Lee* also reveals that the court never granted the defense motion for discovery, undercutting Judd's reliance on this case.

*United States v. Paxton*, 2014 U.S. Dist. LEXIS 56857 (N.D. Ill. Apr. 17, 2014), involved a selective *enforcement* claim against the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), not a selective *prosecution* claim against the government. As explained in *Paxton*, under Seventh Circuit precedent, selective enforcement claims involve a modified burden for the defense that can be met with "statistics alone." *Id.* at 14. Furthermore, in *Paxton*, the defendant presented a detailed analysis identifying the race of the suspects (all persons of color) targeted by ATF using a law enforcement technique (a fake stash-house sting operation) over the preceding eight years. *Id*. at 4. In this case, by contrast, Judd has not raised a selective enforcement claim. He instead raised a selective prosecution claim; provided an incomplete, cherry-picked sample of dissimilar D.C. and Oregon cases; and speculated (without evidence of the political viewpoints of any defendant in his sample) that the prosecutors in his case targeted him based on political animus.

That presentation falls well short of Judd's burden. *See United States v. Stone*, 394 F. Supp. 3d 1, 31 (D.D.C. 2019) ("[A] defendant must provide something more than mere speculation or 'personal conclusions based on anecdotal evidence.'").

## Conclusion

Because Judd has failed to carry his burden, he is not entitled to discovery on his selective-prosecution claim and his motion should be denied.

    Respectfully submitted,

    CHANNING D. PHILLIPS
    Acting United States Attorney
    DC Bar No. 415793

By: /s/

    MELISSA JACKSON
    Assistant United States Attorney
    D.C Bar Number 996787
    United States Attorney's Office
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    Telephone: (202) 815-8585
    Email: Melissa.Jackson@USDOJ.GOV

    JOCELYN BOND
    Assistant United States Attorney
    Email: Jocelyn.Bond@usdoj.gov
    KIMBERLEY C. NIELSEN
    Assistant United States Attorney
    Email: Kimberley.Nielsen@usdoj.gov