# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-40 (TNM) |
| | : | |
| DAVID LEE JUDD, | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS 22, 38, AND 46 OF THE FOURTH SUPERSEDING INDICTMENT

The United States of America hereby respectfully submits its opposition to Defendant David Lee Judd's Motion to Dismiss Counts 22, 38, and 46 (the "challenged counts") of the Fourth Superseding Indictment on the ground that those counts "fail to state a claim." ("Motion," Dkt. 158). According to Defendant, the firecracker he used to, *e.g.*, "forcibly assault, resist, oppose, impede, intimidate, or interfere with" police officers, Dkt. 102, Count 22, was not a "deadly or dangerous weapon" as a matter of law, so the challenged counts failed to properly allege an element of the charged crimes. As explained herein, whether the firecracker Defendant allegedly used was a deadly or dangerous weapon is a question of fact that the jury will be called upon to decide at trial. This Court should therefore deny the Motion.

    A.    **Background**

The grand jury returned the fifty-three count Fourth Superseding Indictment that was filed on August 4, 2021. Dkt. 102.[1] Defendant, one of nine persons named, was charged in nine of the counts:

---

[1] The government's recitation of the facts it expects to prove at trial, although not relevant to this motion, are set forth in its Memorandum in Opposition to Defendant's Motion Compel Discovery in Support of Claim of Selective Prosecution. Dkt. 154 at 1-12.

1

| Count 16 | 18 U.S.C. §§ 111(a)(1) and 2 (Assaulting, Resisting, or Impeding Certain Officers and Aiding and Abetting) |
|---|---|
| Count 22 | 18 U.S.C. §§ 111(a)(1) and (b) (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon) |
| Count 33 | 18 U.S.C. §§ 111(a)(1) and 2 (Assaulting, Resisting, or Impeding Certain Officers and Aiding and Abetting) |
| Count 34 | 18 U.S.C. §§ 1512(c)(2) and 2 (Obstruction of an Official Proceeding and Aiding and Abetting) |
| Count 35 | 18 U.S.C. § 231(a)(3) (Civil Disorder) |
| Count 38 | 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon) |
| Count 46 | 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A) (Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon) |
| Count 52 | 40 U.S.C. §§ 5104(e)(2)(D) and 18 U.S.C. § 2 (Disorderly Conduct in a Capitol Building and Aiding and Abetting) |
| Count 53 | 40 U.S.C. §§ 5104(e)(2)(F) and 18 U.S.C. § 2 (Act of Physical Violence in the Capitol Grounds or Buildings and Aiding and Abetting) |

Count 22, in relevant part, charged Defendant with "using a deadly or dangerous weapon, that is, a firecracker, [to] forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States." Dkt. 102 at 10. One can violate that statute by engaging in any of the alternate acts; an assault is not required. *See United States v. Stands Alone*, 11 F.4th 532, 536 (7th Cir. 2021) (citing cases). Attempted use of a dangerous weapon also qualifies. *See United States v. Anchrum*, 590 F.3d 795, 801 (9th Cir. 2009).

Count 38, in relevant part, charged that Defendant "knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds … and, during and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a firecracker." Dkt. 102 at 18.

Count 46, in relevant part, charged that Defendant did "knowingly engage in any act of physical violence against any person and property in a restricted building and grounds … and, during and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a firecracker." Dkt. 102 at 21-22.

Defendant claims the challenged counts failed to adequately charge the common element of those charges, his alleged use of a deadly or dangerous weapon, because a firecracker cannot qualify as such a weapon.[2]

B.  Discussion

A defendant can move before trial to challenge a "defect in the indictment … including [a] failure state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). Such a challenge is limited to the "four corners of the indictment." *United States v. Safavian*, 429 F. Supp. 2d 156, 159 (D.D.C. 2006). Defendant's characterization of the evidence, not found in the indictment, that he "tossed what appears to be a small firecracker or sparkler in the direction of Capitol police officers," Motion at 2, is not a proper consideration under Rule 12(b)(3)(B)(v).

"[A]n an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "It is generally sufficient that an indictment

---

[2] A violation of § 111 triggers an enhanced penalty if, "in the commission of any acts described in subsection (a), [the defendant] uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury." 18 U.S.C. § 111(b). A violation of § 1752 triggers an enhanced penalty if, "during and in relation to the offense, [the defendant] uses or carries a deadly or dangerous weapon or firearm." 18 U.S.C. § 1752(b)(1)(A). Thus, the use (or in the case of § 1752, the use or carrying) of a deadly or dangerous weapon is an element that much be charged and proved. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id*. (cleaned up). *Accord United States v. Ring*, 628 F. Supp. 2d 195, 204 (D.D.C. 2009).

As Defendant effectively concedes, each of the challenged counts "set[s] forth all the elements" of the offense. He nonetheless argues that those counts fail to sufficiently allege that he used a "deadly or dangerous weapon" because a firecracker is not such a weapon. Where an indictment goes beyond the generic language of the charging statute to add factual detail about how the crime was allegedly committed, the defendant may claim that the statutory offense does not extend to that alleged conduct. *See Ring*, 628 F. Supp. 2d at 205-06 (in a prosecution for bribery, addressing whether the conduct of the person, as described in the indictment, to whom defendant made a payment was "an official act").

Neither § 111 nor § 1752 define the term, "deadly or dangerous weapon." The D.C. Circuit, however, has supplied a definition for the phrase as it is used in § 111(b).[3] "For an object that is not inherently deadly [such as a gun], … the object must be capable of causing serious bodily injury or death to another person and the defendant must use it in that manner." *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002).[4]

---

[3] A substantial majority of reported decisions involving a violation of § 1752(a) involved the January 6 riot. None of those decisions have interpreted the phrase "deadly or dangerous weapon" as used in that statute. Defendant does not claim the term, "deadly or dangerous weapon" as used in § 1752(b)(1)(A) has a different meaning than the use of that term in § 111(b).

[4] Defendant repeatedly cites *United States v. Broadie*, 452 F.3d 875, 882 (D.C. Cir. 2006), as expressing the standard for what qualifies as a dangerous weapon. However, *Broadie* focused on determining whether there was "probable cause to believe Broadie was carrying a dangerous weapon ("CDW") in violation of D.C. Code § 22-4504(a)," and did not analyze the term as it is used in a federal statute, much less in 18 U.S.C. § 111(b). Thus, Defendant's reliance on

4

There is no dispute here about what constitutes "serious bodily injury." Section 113 of Title 18, involving assaults within the maritime and territorial jurisdiction of the United States, cross-references the definition of "serious bodily injury" provided in 18 U.S.C. § 1365. 18 U.S.C. § 113(b)(2). Section 1365, which prohibits, *inter alia*, tampering with a consumer product that affects interstate commerce, defines "serious bodily injury" as "bodily injury which involves … (A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. § 1365(h)(3). Thus, any object that is "capable" of creating a substantial risk of death or causing any of the identified injuries (B) through (D), is a deadly or dangerous weapon. Defendant agrees this definition applies in this case. Motion at 5.

It is undisputed that "whether something is a 'dangerous' weapon depends on how it is used." Motion at 4 (quoting *United States v. Gieswein*, No. 1:21CR24 (EGS), ECF 29 at 38 (quoting *Gray v. United States*, 980 F. 3d 264, 267 (2d Cir. 2020)). Here, however, the challenged counts do not describe how Defendant used the firecracker to commit the crimes at issue. Rather, that determination will be left to a jury after trial.

Setting aside whether a firecracker is an inherently deadly weapon like a firearm, Defendant cannot show that, as a matter of law, it is not a dangerous weapon as alleged in the challenged counts. As documented each year in a report by the U.S. Consumer Product Safety Commission, the use of firecrackers has repeatedly led to serious injuries every year. As noted in a recent study by the U.S. Consumer Product Safety Commission, there were "an estimated

---

*Broadie*, which analyzed a different statutory scheme, and focused on whether "the surrounding circumstances indicate that an object capable of causing great bodily injury is likely in fact to be so used" is inapplicable here. Indeed, unlike what *Broadie* determined in the context of a CDW violation, *Arrington* concluded that there is no requirement that the defendant *"intentionally use the object as a weapon"* by explaining that such an "unexpressed" element "is certainly not suggested by the language of § 111(b)." 309 F.3d at 46 (emphasis added).

1,600 emergency department-treated injuries associated with firecrackers and 900 with sparklers" during calendar year 2020. [5]  Indeed, the Commission over the years has reported a variety of serious injuries attributable to firecrackers including:  eye injuries, vision impairment, broken fingers, first and second degree burns, and amputation.[6]  Firecracker caused broken fingers, loss of body parts, and injuries severe enough to require hospitalization are all injuries involving "(B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." (The Commission has also reported an individual dying from a fire caused by a firecracker.[7])

---

[5] Marier, Smith, and Lee, U.S. Consumer Product Safety Commission, 2020 Fireworks Annual Report, FIREWORKS-RELATED DEATHS, EMERGENCY DEPARTMENT-TREATED INJURIES AT 2 (June 2021),
https://www.cpsc.gov/s3fs-public/2020-Fireworks-Annual-Report.pdf?ZSdvk_ep9au0QsqrAgL8S8_tA2LnAT7X (visited October 28, 2021)

[6] *See, e.g.*, Tu, U.S. Consumer Product Safety Commission, 2015 Fireworks Annual Report, FIREWORKS-RELATED DEATHS, EMERGENCY DEPARTMENT-TREATED INJURIES DURING 2015 AT 35(June 2016),   https://cpsc-d8-media-prod.s3.amazonaws.com/s3fs-public/Fireworks_Report_2015FINALCLEARED_0.pdf   (visited Nov. 2, 2021) (describing victim suffering broken fingers); Tu and Granados, U.S. Consumer Product Safety Commission, 2014 Fireworks Annual Report, FIREWORKS-RELATED DEATHS, EMERGENCY DEPARTMENT-TREATED INJURIES DURING 2014 AT 25 (June 2015),  https://cpsc-d8-media-prod.s3.amazonaws.com/s3fs-public/pdfs/Fireworks_Report_2014.pdf (visited Nov. 2, 2021) (describing victim suffering amputation of tip of finger and mangling of additional finger); Tu and Granados, U.S. Consumer Product Safety Commission, 2013 Fireworks Annual Report, FIREWORKS-RELATED DEATHS, EMERGENCY DEPARTMENT-TREATED INJURIES AND ENFORCEMENT ACTIVITIES DURING 2013 AT 27 (June 2014),   https://cpsc-d8-media-prod.s3.amazonaws.com/s3fs-public/2013FireworksReport_1.pdf (visited Nov. 2, 2021) (describing victim suffering corneal abrasion to eye and another suffering second degree burns); Tu and Granados, U.S. Consumer Product Safety Commission, 2012 Fireworks Annual Report, FIREWORKS-RELATED DEATHS, EMERGENCY DEPARTMENT-TREATED INJURIES AND ENFORCEMENT ACTIVITIES DURING 2012 AT 28 (June 2013),   https://cpsc-d8-media-prod.s3.amazonaws.com/s3fs-public/pdfs/Fireworks_Report_2012.pdf (visited Nov. 2, 2021) (describing victim suffering permanent spots on his vision)

[7] Tu and Ng, U.S. Consumer Product Safety Commission, 2017 Fireworks Annual Report, FIREWORKS-RELATED DEATHS, EMERGENCY DEPARTMENT-TREATED INJURIES, AND ENFORCEMENT ACTIVITIES DURING 2017 AT 8, 26 (June 2018), https://cpsc-d8-media-prod.s3.amazonaws.com/s3fs-public/Fireworks_Report_2017.pdf  (visited Nov. 2, 2021) (describing death associated with fire caused by firecracker and other victims suffering burns to their hands and stomach).

Federal law acknowledges that firecrackers can be used to commit a "crime of violence" or "violent felony." Section 924(e) (2)(B)(ii) of Title 18, defines a "violent felony" as including one that "involves the use of explosives." The Sentencing Guidelines defines a "crime of violence" as, *inter alia*, an offense punishable by more than one year, including one involving "explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. 4B1.2(a)(2). At least one district court has held that "there can be no doubt" that certain kinds of firecrackers are "explosive materials" under § 841(c) because they are a "device or chemical compound mixture which had the common purpose to function by explosion." *United States v. Scharstein*, 531 F. Supp. 460, 464-65 (E.D. Ky. 1982).

Defendant has cited no case, and certainly no case with precedential authority in this Court, holding that a firecracker cannot be a dangerous weapon as a matter of law, and the government's research has not identified any. If a firecracker cannot be categorically excluded as a deadly or dangerous weapon, the question of whether Defendant's use of a firecracker made it a deadly or dangerous weapon is one of fact for the jury to decide. *See generally United States v. Keystone Biofuels*, 350 F. Supp. 3d 310, 323 (M.D. Pa. 2018) (denying motion to dismiss where indictment alleged that an alleged overt act in furtherance of the conspiracy was unlawful, despite defendants' insistence it was not; the court was required to "accept as true the Government's contention"). That dooms the Motion. *See United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (noting that Fed. R. Crim. P. 12(b) "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a full proffer of evidence" or the parties have agreed to a "stipulated record"); *accord United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000)("[u]nless there is a stipulated record … a pretrial motion to dismiss an indictment is not a permissible

vehicle for addressing the sufficiency of the government's evidence"); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("there is no summary judgment procedure in criminal cases."); 1A Wright & Miller, FEDERAL PRACTICE & PROCEDURE, CRIMINAL, § 195 (5th ed.) ("Rule 12 was [not] intended to permit 'speaking motions,' that is, motions challenging an indictment's sufficiency based on facts that are outside the pleadings.").

Defendant claims that a firecracker cannot be a deadly or dangerous weapon because "cases involving non-inherently dangerous weapons have typically only been pursued as enhancements when the objects were used to bludgeon or strike." Motion at 4. That is incorrect as a matter of law and logic.

As for the law, Defendant's claim that a firecracker cannot be a dangerous or deadly weapon because it could not be used to bludgeon flies in the face of *Arrington*. Like the failed claim there, Defendant's "proposed element is certainly not suggested by the language of § 111(b), which simply requires that the defendant 'use' a deadly or dangerous weapon in the commission of the acts described in § 111(a)." 309 F.3d at 46.  Nor does Defendant point to any evidence of "Congressional intent" to include the proposed requirement as "an element of the offense." *Id*. To the contrary, "Congress intended § 111 to protect federal officers to the maximum extent possible." *Id*. (§ 111 did not require the government to prove the "unexpressed requirement" that the defendant knew that his intended victim was a federal officer) (citing *United States v. Feola*, 420 U.S. 671, 684 (1975)).

Defendant cites cases which *affirmed* § 111(a) and (b) convictions where the object was used as a bludgeoning weapon. Motion at 4. But none of those decisions suggested, much less held, that only objects used to bludgeon can be a deadly or dangerous weapon.

8

As for logic, Defendant's proposed limitation on the offenses in the challenged counts means that § 111(b) and § 1752(b)(1)(A) impose an enhanced punishment for bludgeoning a law enforcement official but not for using an explosive device that could cause equal or greater injury. Defendant offers no plausible explanation for such a distinction, which would not further the rationale and purpose of the enhanced penalty provisions.

Defendant's final argument -- that an object which is used but results in no serious bodily injury therefore cannot be a dangerous weapon as a result -- is similarly meritless. Such an analysis would mean a gun fired at an officer that misfires (or where the shooter just misses) could not qualify as a dangerous weapon. There is no basis for such a distinction. Indeed, per the terms of the statute, a "defective component" cannot take an item out of the statutory definition of a dangerous weapon for the purposes of 18 U.S.C. § 111(b).

Moreover, an item like a firecracker that does not function still creates fear in those at whom it is thrown. Just like someone who points an unloaded gun at someone cannot claim the gun itself was not dangerous, neither can the Defendant claim that lighting and throwing a firecracker directly at law enforcement officers packed into a small, crowded tunnel is not dangerous just because the firecracker fortuitously did not explode. Certainly, those law enforcement officers having the firecracker thrown at them had no warning it would have so little impact. *See United States v. Hamrick*, 43 F.3d 877, 882 (4th Cir. 1995) (Under 111(b), "[a]n assault with a dysfunctional bomb poses the same or similar dangers and gives rise to the same kind of harms as an assault with an unloaded gun. Even a dysfunctional bomb engenders in the assault victims the fear of bodily injury beyond that instilled by a simple assault.")

**C.     Conclusion**

The government respectfully requests that this Court deny Defendant's Motion to Dismiss Counts 22, 38, and 46 of the Fourth Superseding Indictment.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: /s/

MELISSA JACKSON
Assistant United States Attorney
D.C Bar Number 996787
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: (202) 815-8585
Email: Melissa.Jackson@USDOJ.GOV

JOCELYN BOND
Assistant United States Attorney
Email: Jocelyn.Bond@usdoj.gov
KIMBERLEY C. NIELSEN
Assistant United States Attorney
Email: Kimberley.Nielsen@usdoj.gov