UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-40 (TNM) |
| : | |
| DAVID LEE JUDD, : | |
| Defendant. : | |

### GOVERNMENT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY ON DEFENDANT'S MOTION TO COMPEL DISCOVERY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for leave, pursuant to Local Criminal Rule 47, to file the attached order in *United States v. Garret Miller*, 1:21-cr-119-CJN (D.D.C. Dec. 21, 2021), as supplemental authority relevant to Defendant Judd's motion to compel discovery on his selective-prosecution claim (ECF No. 138).

In *Miller*, the defendant—charged with civil disorder, in violation of 18 U.S.C. § 231(a)(3); assaulting, resisting, or impeding a federal officer, in violation of 18 U.S.C. § 111(a)(1); and various other counts related to his conduct at the U.S. Capitol on January 6, 2021—filed a motion to compel discovery in support of a selective-prosecution claim. Like Mr. Judd does here, the defendant in *Miller* asserted disparate treatment in the government's handling of his prosecution compared to its handling of cases arising from criminal conduct during the summer of 2020 around the Portland, Oregon federal courthouse. The defendant in *Miller* similarly provided examples where the government in the District of Oregon had either dismissed federal-officer assault and civil-disorder charges or where the defendants had obtained favorable plea agreements.

Judge Nichols denied the motion, finding that "Miller had produced inadequate evidence of either discriminatory effect or discriminatory intent to obtain discovery" under *United States v. Armstrong*, 517 U.S. 456 (1996).  Order 3.

Regarding *Armstrong*'s discriminatory-effects prong, Judge Nichols held that "[t]he circumstances between the riots in Portland and the uprising in the Nation's capital differ in kind and degree, and the Portland cases (and the government's prosecutorial decisions) are therefore not sufficiently similar."  Order 3.  He cited the "obvious differences between those, like Miller, who stormed the Capitol on January 6, 2021, and those who rioted in the streets of Portland in the summer of 2020," observing that "[t]he Portland rioters' conduct, while obviously serious, did not target a proceeding prescribed by the Constitution and established to ensure a peaceful transition of power."  *Id*.  Judge Nichols further observed that "the Portland rioters, unlike those who assailed America's Capitol in 2021," failed to "make it past the buildings' outer defenses."  *Id*.

Judge Nichols independently held that the defendant had failed to adduce evidence supporting *Armstrong*'s improper-motive prong.  Order 3-4.  He dismissed the defendant's proffered inference—"the government treated the Portland rioters favorably once President Biden assumed office"—as "speculation."  *Id*. at 4.  Judge Nichols reasoned: "That the government allegedly dismissed cases against some (but not all) Portland rioters, or offered others (but not all) favorable plea deals, does not without more show the federal government is pursuing its claims against Miller and others like him because of a difference in politics."  *Id*.  He also noted "substantial differences in the evidence" between the Capitol Riot cases and the Portland cases, observing that the former conduct "happened in broad daylight" and "was captured on video," whereas the latter conducted "occurred at night and there is substantially less video evidence of what unfolded during the assault."  *Id*.

Judge Nichols's recent order in *Miller*—although non-binding on this Court—supports the government's arguments in opposition (ECF Nos. 154, 163) to Judd's motion for discovery here. WHEREFORE, for these reasons, the United States requests leave to file his order, attached as Exhibit A, as supplemental authority.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    DC Bar No. 481052

By: /s/

    MELISSA JACKSON
    Assistant United States Attorney
    D.C Bar Number 996787
    United States Attorney's Office
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    Telephone: (202) 815-8585
    Email: Melissa.Jackson@USDOJ.GOV

    JOCELYN BOND
    Assistant United States Attorney
    Email: Jocelyn.Bond@usdoj.gov
    KIMBERLEY C. NIELSEN
    Assistant United States Attorney
    Email: Kimberley.Nielsen@usdoj.gov