UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID LEE JUDD,<br><br>    Defendant. | Crim. Action No. 1:21-CR-40 (TNM) |

## MR. JUDD'S MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE

David Lee Judd, through undersigned counsel, pursuant to the Due Process Clause of the Fifth Amendment of the United States Constitution and Federal Rules of Evidence 401 and 403, respectfully moves to exclude irrelevant and prejudicial evidence from his trial, namely, 1) evidence pertaining to the alleged assaults, other crimes, and bad acts allegedly carried out by his co-defendants and 2) evidence related to how Mr. Judd was identified in this case because identity will not be a contested issue in this case.

### I. Evidence pertaining to joined defendants should be excluded from Mr. Judd's trial.

Mr. Judd is charged in a 53-count Indictment alongside eight other co-defendants.[1] Mr. Judd is joined for trial with defendants Cappuccio, Quaglin, Sills, and Klein. He is not charged with aiding and abetting or conspiring with any of the

---

[1] The Court has denied Mr. Judd's Motion to Sever, ECF No. 290. Mr. Judd respectfully maintains that he is improperly joined to the other defendants and that his trial should be severed.

defendants joined for his trial. The government alleges that each of these defendants committed separate, independent assaults on police officers on January 6, each of which were captured on video. For example, the government alleges that Sills "pushed through a line of police officers on the West Plaza" and "repeatedly threw items at the officers." Gov. Resp. to Mtn. to Sever, ECF No. 277 at 7. And it alleges that Quaglin ripped protective equipment from officers and "lunged at an officer . . . who was trying to protect a fallen colleague." *Id*. Sills allegedly ripped a baton from an officer and used it to strike at officers. *Id*. Meanwhile, the government alleges that Klein used a stolen riot shield to prevent an officer from closing a door in the tunnel leading to the interior of the Capitol. *Id*. Mr. Judd is not alleged to have participated in any of these discrete assaults.

The government has also disclosed that it intends to introduce (1) evidence that Quaglin and Sills displayed incriminating behavior on social media and (2) evidence that shows how the joined defendants were tracked down by law enforcement in the days following January 6.

None of this evidence will be relevant to the charges against Mr. Judd. As such, he moves to exclude all of the evidence related to his co-defendants as not relevant and substantially more prejudicial than probative under Rules 401 and 403. *See United States v. Butler*, 822 F.2d 1191, 1194 (D.C. Cir. 1987) (when evidence of one or more defendants is more damaging than evidence against another, "the prejudicial spillover" may deprive a defendant of a fair trial, and the cumulation of evidence

against all defendants "may lead the jury to be either confused or prejudiced in assessing the evidence against that particular defendant.").

Short of exclusion, Mr. Judd requests a limiting instruction that the jury is not to consider evidence introduced against co-defendants when evaluating the charges against him and will submit a proposed instruction along these lines at the appropriate time.

## II. Evidence of how Mr. Judd was identified by law enforcement should be excluded; he will not be contesting identity.

The government has indicated that it seeks to introduce an "FBI Bolo[2]" that was disseminated to the public following January 6. The Bolo depicts Mr. Judd wearing a red "Make America Great Again" hat at the Capitol. According to information provided in discovery, two witnesses contacted the FBI to identify Mr. Judd after having seen the Bolo. None of this evidence will be relevant at Mr. Judd's trial because he will not be contesting identity. On the other hand, such evidence will invite the jury to impermissibly speculate that there was an FBI manhunt for Mr. Judd or that he was eluding authorities. Therefore, any evidence as to how Mr. Judd was identified should be excluded under Rule 401 and Rule 403. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("[t]he term 'unfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").

WHEREFORE, the defendant, David Lee Judd, respectfully moves this Court to exclude the aforementioned evidence.

---

[2] Bolo is an acronym for "Be on the Lookout."

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
ELIZABETH MULLIN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500


_____/s/_____
EDWARD J. UNGVARSKY
Ungvarsky Law, PLLC
114 N. Alfred Street
Alexandria, VA 22314
(571) 207-9710