UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 21-cr-40-TNM |
| : | |
| DAVID LEE JUDD : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
"MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE"**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files its opposition to defendant David Lee Judd's "Motion to Exclude Irrelevant and Prejudicial Evidence," filed on June 3, 2022. (ECF No. 316). Codefendants Robert Morss and Geoffrey Sills have joined (ECF Nos. 334, 335), and the United States also opposes the motion with respect to those two codefendants.

In his motion, Judd seeks to exclude all evidence related to the crimes committed by his codefendants, four of whom are joined with him for trial, claiming both that the evidence is irrelevant with respect to the charges against him and is more prejudicial than probative. He also asks the court to exclude evidence related to how he was identified, claiming that he will not contest identification at trial and such evidence may cause the jury to engage in improper speculation. The United States opposes Judd's motion, as both categories of evidence are relevant at trial and necessary for proving many of the charged offenses. Furthermore, any potential prejudice or improper jury speculation can be addressed in a less-draconian manner than total exclusion of relevant evidence.

1

**ARGUMENT**

**A.  The Court Should Deny Judd's Thinly Veiled Attempt to Relitigate Severance**

In his motion, Judd seeks to "exclude all of the evidence related to his co-defendants as not relevant and substantially more prejudicial than probative under Rules 401 and 403." (Def.'s Mot. at 2, ECF No. 316).  The defendant's unusual motion should be summarily denied as it is nothing more than a thinly veiled attempt to reopen the court's previous denial of his motion seeking severance.  (ECF Nos. 206, 290).  Moreover, the defendant's request to exclude evidence related to his codefendants, taken to its logical extreme, would prevent the United States from prosecuting Judd's codefendants for the crimes with which they have been charged.  Judd alternatively seeks a limiting instruction, but does not specify its contents.  The government therefore cannot take a position on whether such an instruction would be appropriate.

Judd first claims that evidence related to his codefendants should be excluded because it is not relevant to him under Rule 401.  This is an absurd reading of Rule 401, which provides that:

> Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.  To limit "relevance" to evidence related to a single defendant in a multiple codefendant case would make joinder of defendants entirely meaningless.  *See* Fed. R. Crim. Pro. 8(b) (joinder is proper where defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.").  The court should reject this unreasonable interpretation of relevance and, instead, permit the government to introduce evidence relevant to all codefendants that have been properly joined in this case.

At trial, the United States anticipates introducing a wide range of evidence, some of which will be most directly relevant to codefendants other than Judd.  For example, the United States expects to introduce video evidence of assaults committed by codefendants Quaglin, Sills, Cappuccio, and Klein on law enforcement officers.  This type of evidence, while most obviously relevant to codefendants Quaglin, Sills, Cappuccio, and Klein, is also relevant to proving certain charges against defendant Judd.  Notably, Judd has been charged in Count 35 with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).  Civil Disorder requires proof not only that the defendant specifically took some action with respect to a law enforcement officer, but it also requires proof that, at the time Judd acted, the law enforcement officer was also "engaged in the lawful performance of his official duties incident to and during a civil disorder."  § 231(a)(3).  Thus, the United States is obligated to prove that a civil disorder was in progress at the time defendant Judd acted and, also, that law enforcement officers were engaged in duties related to that civil disorder.  As such, evidence that is most obviously proof of specific acts committed by codefendants Quaglin, Sills, Cappuccio, and Klein, is also admissible to prove that defendant Judd participated in the larger civil disorder involving multiple individuals.

Judd also claims that evidence related to his codefendants would be more prejudicial than probative under Rule 403.  (Def.'s Mot. at 2, ECF No. 316); Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of…unfair prejudice…").  The court has already addressed the issue of prejudice in the context of denying severance and found that any potential prejudice was not so severe as to require separate trials.  (ECF No. 290).  Specifically, the court noted that there was not a dramatic disparity in evidence or charges related to the individual defendants and that any "spillover prejudice" could be

addressed in other ways, such as by instruction to the jury. (ECF No. 290, 7-9). As the court previously explained,

> More, the jury here can "reasonably compartmentalize the evidence introduced against each individual defendant." *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010) (cleaned up). Video cameras captured much of that day's events. Because each Defendant's actions are rendered on video, a jury need not "look beyond each defendant's own" actions to judge guilt or innocence. *Id.* at 846 (cleaned up). The risk of spillover prejudice is "minimal" in such a case, *id.*, and any remaining prejudice is best addressed through a jury instruction, not severance under Rule 14(a), *see Zafiro*, 506 U.S. at 539

(ECF No. 290, 8).

The United States asks the court to reject Judd's attempt to circumvent the court's previous denial of severance and summarily deny his unjustifiable request to exclude evidence relevant to his codefendants.

Defendant Judd alternatively seeks a limiting instruction charging the jury "not to consider evidence introduced against co-defendants when evaluating the charges against" himself, noting that he will submit a proposed limiting instruction "at the appropriate time." (Def.'s Mot. at 3, ECF No. 316). The United States takes no position on a hypothetical limiting instruction at this time and will take a position if and when specific language is proposed by defendant Judd. While it is axiomatic that the jury should not consider the evidence of one defendant against another, any limiting instruction should be appropriately tailored and should reflect the fact that some of the crimes charged in the indictment involve multiple defendants and some evidence will implicate multiple defendants.

### B. The Court Should Reject the Defendant's Request to Exclude Relevant Identification Evidence

Defendant Judd additionally asks that the court exclude "evidence of how Mr. Judd was identified by law enforcement," claiming that he "will not be contesting identity." (Def.'s Mot. at

4

3, ECF No. 316). He also notes that identification evidence, such as the FBI BOLO ("Be On the Lookout") with Judd's image would "invite the jury to impermissibly speculate that there was an FBI manhunt for Mr. Judd or that he was eluding the authorities." *Id.*

This request appears to be an offer by defendant Judd to stipulate as to his identification at trial. Nevertheless, the parties have not yet agreed to such a stipulation. Until such time as such a stipulation is reached, the United States will be required to prove at trial that it was, in fact, Judd who participated in events at the Capitol on January 6, 2021. Thus, evidence related to Judd's identification – including witnesses, photos, and videos – is highly relevant and admissible under Rule 401.

With respect to the defendant's concerns that the jury may "impermissibly speculate," this is an issue better addressed through cross examination or a limiting instruction, rather than by excluding a large swath of relevant evidence at trial. Counsel for the defendant will have a full opportunity to cross examine each witness and can choose to inquire as to whether there was a "manhunt" for defendant Judd. The defendant will also have the opportunity to present any contrary evidence regarding the identification process and to address any potential for "speculation" during closing arguments. The trial process already contains internal checks to prevent impermissible jury speculation and there is no need for the court to resort to the defendant's draconian request for exclusion of relevant evidence in order to ensure that Judd receives a fair trial.

## **CONCLUSION**

In light of the foregoing, the United States asks the court to deny defendant Judd's motion, which improperly seeks to exclude evidence relevant to his codefendants and his identification.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:    */s/ Jocelyn Bond*
           JOCELYN BOND
           Assistant United States Attorney
           D.C. Bar No. 1008904
           555 Fourth Street, N.W.
           Washington, D.C. 20530
           (202) 809-0793
           Jocelyn.Bond@usdoj.gov