# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Action No. 21CR40 |
| DAVID JUDD, | |
| Defendant. | |

**MR. JUDD'S RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE**

David Judd, through undersigned counsel, hereby submits the following responses to the government's initial motions in limine, ECF. No. 313, 314 and 322. As to ECF. No. 313, the government's motion to limit cross-examination of secret service agency witnesses, Mr. Judd does not oppose the limitations the government seeks in the motion. As to ECF. No. 314, the government's motion regarding evidence of specific locations of U.S. Capitol police surveillance cameras, Mr. Judd does not intent to elicit sensitive information about the specific location of surveillance cameras.

As to ECF. No. 322, which seeks to preclude Mr. Judd raising a claim of self-defense, Mr. Judd moves the Court to deny the motion as premature. The Federal Rules of Criminal Procedure require defendants to provide notice of certain defenses "within the time provided for filing a pretrial motion," but self-defense is not among them.[1] Moreover, this case is three months from trial, motions remain pending, and

---

[1] *See* Fed. Rs. Crim. P. 12.1, 12.2, 12.3.

Mr. Judd has not yet completed his investigation. At this stage, Mr. Judd cannot be expected to anticipate and litigate every defense the evidence might support.

Nothing in the law requires the defense to disclose its trial strategy at this point and under these circumstances. Moreover, the government's motion suggests that there is no way that Mr. Judd can establish that any of his actions were necessary to defend himself or others against unlawful force at any individual point on January 6. The government relies on evidence that Mr. Judd was in a crowd that "pushed" against officers guarding the Lower West Terrance door and threw an object at a line of law enforcement officers. But evidence that he trespassed or engaged in disorderly and disruptive conduct, if available, would not preclude evidence that he or others were met with unlawful force at any particular point. And the government does not even claim that it does. It merely argues that its expected evidence will show he was the aggressor. These are closing arguments, not grounds to preclude a defense, especially at this early stage.

In short, Mr. Judd reserves his right to proffer evidence in support of this defense closer to or during trial.

## Conclusion

Mr. Judd offers no objection to government motions in limine ECF. Nos. 313 and 314 and respectfully moves the Court to deny the government's motion to preclude a claim of self-defense as premature.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
ELIZABETH MULLIN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500


_____/s/_____
EDWARD J. UNGVARSKY
Ungvarsky Law, PLLC
114 N. Alfred Street
Alexandria, VA 22314
(571) 207-9710