IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Case No.: 21-cr-40 (TNM)

DAVID LEE JUDD,

Defendant.

**GOVERNMENT RESPONSE TO DEFENDANT MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE AND FOR INDIVIDUAL, SEQUESTERED VOIR DIRE OF JURORS**

The United States of America now responds to Defendant David Lee Judd, Motion for Attorney-Conducted Voir Dire and for Individual, Sequested [sic] Voir Dire of Juror. ECF No. 333. In his motion, Defendant argues that the Court should "authorize attorney-conducted, individual, sequestered voir dire of the potential jurors."[1] ECF No. 333.

First, Defendant contends that voir dire should be structured to "maximize the relevant information from potential jurors," which must be accomplished through "attorney-conducted voir dire" because that "is a more effective tool for eliciting bias than questioning from the Court alone." ECF No. 333 at 3, 6. In support, Defendant argues that "[j]urors look to the judge as the ultimate authority figure[, and] [s]ocial science research and experiences of trial attorneys reflect that jurors are less likely to be fully candid and complete when responding to questions from a judge as opposed to those from an attorney." ECF No. 333 at 4. Defendant further argues that

---

[1] Defendant purports to rely exclusively on "arguments and authority" already submitted in a previous motion to transfer and motion for jury questionnaire, ECF Nos. 257, 317. *See* ECF No. 333 at 2. The Government has already responded to ECF Nos. 257 and 317, and, thus, to the extent that Defendant's motion incorporates or relies upon those previously filed motions, we similarly incorporate our response, *see* ECF Nos. 292, 379.

judges' questions are often leading, which "cause prospective jurors to agree unquestionably," because "[p]rospective jurors want to please the judge and avoid disapproval. ECF No. 333 at 4.

The Court should reject this outlandish argument that the trial judge is inadequate to conduct voir dire. While we agree that "attorney participation in the jury selection process" is important, that goal does not warrant exclusion of the trial judge from conducting voir dire altogether. Voir dire is within the province of the district court, *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991); *Gonzalez v. United States*, 553 U.S. 242, 253 (2008) ("Voir dire is the exclusive province of the court . . . ."), and there is nothing inherently unfair about a federal judge asking questions of prospective jurors, nor has Defendant cited any compelling source in support of his argument to the contrary. We propose that the Court conduct voir dire in its standard course, as it has done in similar cases. *E.g.*, *United States v. Hale-Cusanelli*, 21-cr-0037-TNM.

Second, Defendant argues that individual and sequestered voir doir is "necessary here" because questioning an entire group may contaminate or improperly influence the prospective jurors' responses. ECF No. 333 at 6-7. Defendant further arguments that sequestered examination of potential jurors is necessary because his case is "one among the infamous 'U.S. Capitol Breach' cases." ECF No. 333 at 8-9 ("David Judd's trial is atypical[.]").

The Court should also reject Defendant's request to prohibit all use of group-based questioning. There is no need to elongate voir dire by sequestering every prospective juror for individual questioning in order to remedy concerns that have no basis in fact or logic. For example, Defendant argues that group questioning carries a danger that repeated exposure to questions about January 6th presume guilt. ECF No. 333 at 7. Defendant does not explain what attributes of group questioning create such danger, nor does he articulate why exposure to questions about January 6th in a group are problematic, but exposure to questions about January 6th in sequestration are acceptable. Defendant also fails to consider the impracticality of his request. In a multi-defendant

2

case with numerous defense counsel participating in voir dire, individual, sequestered, attorney-conducted voir dire is simply not feasible and would unnecessarily extend voir dire into a time-consuming and duplicative exercise. The Court instead should conduct voir dire using its standard method, which may include individual follow-up questioning of prospective jurors depending on the prospective jurors' answers to group-based questions. The joint proposed jury questionnaire and any limited follow-up voir dire will be more than sufficient to evaluate the jury pool for improper bias.

Finally, Defendant has not identified anything special about his case that would warrant sequestered voir dire. Defendant argues that he is "infamous" for "storming the Capitol, attacking Democracy, and serving an insurrection." ECF No. 333 at 8. While we agree that was his conduct, Defendant is one of hundreds who have been charged with such conduct and his circumstances do not warrant special treatment for jury selection.

Dated: July 15, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: \_\_\_/s/_____
ASHLEY AKERS
Trial Attorney
Capitol Siege Section
MO Bar No. 69601
601 D Street, N.W.
Washington, D.C. 20530
202-353-0521
Ashley.Akers@usdoj.gov