UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID JUDD,<br><br>            Defendant. | Crim. Action No. 1:21CR40 |

**DEFENDANT DAVID JUDD'S CORRECTIONS AND OBJECTIONS TO THE PRE-SENTENCE REPORT**

David Judd, through counsel, pursuant to 18 U.S.C. § 3553(a), Rule 32 of the Federal Rules of Criminal Procedure, and Section 6A1.3 of the advisory United States Sentencing Guidelines ("USSG"), states that he has reviewed the Pre-Sentence Report (PSR) and offers the following factual corrections and objections to the PSR's guidelines range.

    **i.**    **Factual Corrections**

**Page 2, Release Status**: Mr. Judd was not released at the initial appearance on April 30, 2021, on personal recognizance. He was released following the detention hearing on May 12, 2021, and released to High Intensity Supervision and other conditions.

**Paragraph 17**: Mr. Judd was not found guilty by a bench trial. He entered into a stipulated trial agreement with the government whereby he signed a statement of offense conceding guilt to Counts 22 and 34 while maintaining his right to appeal the Court's denial of his Motion to Dismiss Count 34.

**Paragraph 19**: Upon information and belief, the Federal Bureau of Investigations was not investigating Mr. Judd on a sexual assault offense. Additional information has been submitted to the Probation Officer.

**Paragraph 76**: See above correction to Para. 19.

**Paragraph 107**: Mr. Judd is no longer employed with Southern Glazer's Wine and Spirits. He is currently employed by Apex Energy Solutions and his gross monthly income is approximately $1200.

**Paragraph 109**: Mr. Judd's gross monthly income is $1200. Due to his reduced income, counsel submit that he is not in a position to pay a fine.

  ii.  **Objections to the offense level computation**

**Paragraphs 62 & 63**: For the reasons this Court articulated in *United v. Hunter Seefried*, which reasoning Mr. Judd adopts and incorporates here, the PSR wrongly assesses a total 11-level increase under § 2J1.2 because Mr. Judd conduct did not involve the substantial interference with the "administration of justice." The opinion is attached as Exhibit 1.

**Paragraph 64**: Mr. Judd submits that the official-victim enhancement under USSG § 3A1.2 does not apply because Mr. Judd was not motivated by any officer's status nor did he act in a manner creating a substantial risk of serious bodily injury. USSG § 3A1.2(a) & (c)(requiring that the defendant be motivated by the victim's status or that the defendant acted in a manner creating a substantial risk or serious bodily injury.).

**Paragraph 69**: As the government agrees, Mr. Judd should receive an adjustment for acceptance of responsibility under § 3E1.1 because he accepted full responsibility for his offense conduct. Indeed, in cases in which defendants reasonably wish to preserve a legal objection to the application of 18 U.S.C.§ 1512(c) while at the same time accepting responsibility and sparing the Court the time and resources of a trial, the government has offered stipulated trial agreements. Pursuant to this agreement, Mr. Judd (like many other January 6 defendants) signed a complete statement of offense agreeing to conduct that supported guilt on counts of 22 and 34 of the Superseding Indictment. In exchange, the government agreed to dismiss the remaining counts against Mr. Judd and agreed that a three-level reduction for acceptance of responsibility should apply. Therefore, consistent with the agreement between the parties and Mr. Judd's unequivocal acceptance of responsibility, he should receive a three-level adjustment under § 3E1.1. The government concurs.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
ELIZABETH MULLIN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500


_____/s/_____
EDWARD J. UNGVARSKY
Ungvarsky Law, PLLC
421 King Street, Suite 505

Alexandria, VA 22314
(571) 207-9710