**EXHIBIT 2: AFFIDAVIT OF JERRY TAYLOR**

**EXHIBT 2a: ENHANCED VIDEO AND STILLS SUBMITTED TO CHAMBERS**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID LEE JUDD,<br><br>          Defendant. | **Crim. Action No. 21CR40(TNM)** |

## AFFIDAVIT

1. I, Jerry Taylor, served as an Explosives Enforcement Officer (EEO) with the Bureau of Alcohol, Tobacco, and Firearms (BATF or ATFO) for 20 years. As an EEO, I participated in thousands of investigations and examined evidence from over 3000 bombings, and testified over 350 times in local, state, and federal courts. Since I retired from BATF in 2000, I have worked as an independent contractor and have performed analyses for the Institute of Intergovernmental Research, the Department of Defense, the Office of Military Commissions, federal and state defender offices and a federal prosecutor's office. I have attached my Curriculum Vitae as an exhibit to this affidavit.

2. My area of expertise incudes weapons of mass destruction (WMD) and Improvised Explosive or Incendiary Devices (IED)(IID), manufacturing explosives and incendiaries with precursor chemicals, and explosion/ fire effects.

3. I was contacted by defense counsel Elizabeth Mullin and Edward Ungvarsky and asked to opine on the nature of an object their client, David Lee Judd, tossed at the U.S. Capitol on January 6, 2021.

4. To form my opinion, I reviewed eight (8) different video sources capturing the event. These videos included CCTV footage, footage taken from what appears to be a cell phone, and footage from police body-worn camera. I also reviewed video that enhanced original video. Together and associated with the videos, I reviewed still photographs that derived from the videos.

5. I also reviewed the definition of "serious bodily injury" set forth in 18 U.S.C. § 1365.

6. Based on my review of all of the videos, including the enhanced video, my opinion, based upon my training, experience, and expertise, is that the object that Mr. Judd tossed on January 6, 2021 is indicative of a small sparkler/fountain, which is a pyrotechnic device that produces a brief and brilliant light, sometimes accompanied by smoke, and then is consumed. It is not an explosive "firecracker." My opinion is supported by the video that shows that when the object was thrown, miniature sparks of brilliant light were being expelled from the item, and when it fell to the ground, it was emitting smoke. The smoke that emanated from the device indicates to me that the remaining pyrotechnic mixture was being consumed and that there was insufficient energy remaining to produce a visual effect.

7. One of the video shows an officer kicking and stomping on the object as it emitted smoke. This was easily and safely done. Such stomping could perhaps tamp down on the smoke but had no effect on the likelihood of harmfulness of the sparkler/fountain type device. The device was not designed to be harmful, nor did it function in a harmful manner.

8. Hitting or stomping on many types of reacting pyrotechnic materials can cause the material to produce a "POP" sound. This is because of the sudden and powerful impact/pressure on reactive materials. But the sound does not mean that the object "exploded" or was intended to explode. That belief would misunderstand the nature of the device. To the contrary, this device was never intended to explode and was instead intended to emit a short but brilliant light, and or billows of smoke.

9. Because the pyrotechnic sparkler/fountain device depicted in the videos is designed to be immediately consumed, it is near impossible that this device is capable of producing "serious bodily injury," even in the context of a crowded tunnel. This is because the "sparkle" reacting chemicals are immediately consumed in the air and not intended to explode.

10. In short, the device I observed on the videos looked and acted like a modified sparkler or fountain that produced a short but brilliant light accompanied with some smoke. In my opinion, based upon my experience and expertise, there was no indication that this item had the ability to produce a threatening or innately harmful effect in any manner.

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge."

_____       _1/3/2023_
Jerry Taylor                                                  Date